# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00099-CV

**In the Interest of E. N. C.**

FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 210,653-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2003, Tammie Carr learned that she was pregnant with E.N.C. After discussing the pregnancy with various members of her family, Carr decided to place E.N.C. up for adoption. Carr contacted Living Legacy, an adoption agency, to inquire about placing her child up for adoption. After reviewing several potential applicants from Living Legacy, Carr eventually chose Kerry and Lisa Daun as the potential adoptive parents for E.N.C.

At the end of July 2004, E.N.C. was born. A few days later, E.N.C. went home with the Dauns with Carr's permission. However, Carr never signed an affidavit of relinquishment. In other words, although E.N.C. was living with the Dauns, Carr had never formally relinquished her parental rights.

In May 2005, Carr informed Living Legacy and the Dauns that she would like to raise E.N.C. and asked the Dauns to return E.N.C. to her. In response, the Dauns filed a suit affecting parent-child relationship. *See* Tex. Fam. Code Ann. § 102.003 (West Supp. 2007). After the trial ended, the district court issued a final order appointing Kerry and Lisa Daun as managing conservators for E.N.C. The order also stated that Tammie Carr was not entitled to the presumption

that a biological parent be appointed managing conservator because there is a "history of family violence involving the parents of the child." *See* Tex. Fam. Code Ann. § 153.131(b) (West 2002). Alternatively, the order specified that even if Carr was entitled to the presumption, Carr should not be appointed managing conservator because the appointment "would significantly impair the child's physical health or emotional development." *See id.* § 153.131(a) (West 2002). Although the order appointed Carr as the sole possessory conservator, it did not award her any powers or impose any duties other than to inform the Dauns concerning any information relevant to E.N.C.'s welfare and to inform the Dauns if she marries or lives with a registered sex offender. Further, despite naming Carr as the possessory conservator, the order did not specify any visitation rights for Carr other than listing two dates upon which Carr could have supervised visitation. Carr requested that the district court issue findings of fact and conclusions of law supporting its order, *see* Tex. R. Civ. P. 296, but no findings or conclusions were ever produced.

The absence of findings of fact and conclusions of law in the judgment prevents us from conducting a meaningful review of the district court's decision. Accordingly, we abate the appeal and send it back to the district court with instructions that the district court enter findings and conclusions supporting its order and file the requested findings and conclusions with this Court within 30 days of the date on this order.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Abated

Filed: May 1, 2008

2